## MULLER *v.* ELLISON and others.[1]

*(Circuit Court, S. D. New York. May 6, 1886.)*

**1. PATENTS FOR INVENTIONS—CHAINS FOR BRACELETS, ETC.**

Letters patent No. 287,564, of October 30, 1883, to Carl A. Muller, for an improvement in chains for bracelets and articles of jewelry, are void for want of patentable novelty.

**2. SAME.**

An ornamental chain, composed of transverse helices interwoven together, in the usual way, with the ends of the wires bent inwardly, so as to interlock, does not present a patentable invention; as the idea of bending in rather than of soldering the ends or of closing the ends of the spirals was an idea which would naturally suggest itself to the worker in wire, and the bending was the ordinary work of the skilled artisan.

In Equity.

*Henry C. Andrews,* for plaintiff.

*E. R. Mead,* for defendants.

SHIPMAN, J. This is a bill in equity to restrain the defendants from the infringement of letters patent No. 287,564, issued October 30, 1883, to the complainant for an improvement in chains for bracelets and articles of jewelry. The defendants took no proofs, and did not appear at the hearing. The specification of the patent says that—

"Chains have been made of wire helices intertwined or threaded together, and provided with end plates or caps, to which the ends of the wires are fastened. Chains made in this manner are expensive, in consequence of the cost of soldering, and with rolled plate the end pieces are more expensive than the wire, because it is more difficult to make such end plates with the entire surface of gold. In my improved chain the ends of the wire forming the helices are bent inwardly, and interlocked in such a manner as to prevent the helices untwisting or separating, and at the same time to form an ornamental edge along the flat chain. * * * I am aware that wire helices have been screwed or interwoven together to form chains, armor, bed bottoms, and other articles, and that the end coils of the helices have been closed, to prevent one helix unscrewing from the next. This is not adapted to chains for bracelets, because the edges of the chain cannot be made uniform in appearance, and the ends of the wire kept within the edge, so as to avoid roughness. By bending the ends of the wires inwardly, as described, ranges of edge loops are formed, and the ends of the wires are entirely within the chain."

The claim is as follows:

"The ornamental chain, composed of transverse helices interwoven together, with the ends of the wires bent inwardly, so as to interlock, substantially as set forth."

The improved method of manufacture commences after the spirals have been wound and interwoven together in the customary way. The first step is to clip the ends of the spirals evenly, by one trans-

verse cut, by a pair of shears.   Then the end of each spiral is cut by a pair of cutting pliers, to bring the ends in the right shape for bending in.   All the ends of the spirals are then bent.   The edge is finished by pressing or flattening.   The entire invention consists in bending inward the ends of the spiral.   In this there is no inventive genius.   The idea of bending in, rather than of soldering, the ends, or of closing the ends of the spirals, was an idea which would naturally suggest itself to the worker in wire, and did not partake of invention, and the steps by which the bending was accomplished were the ordinary work of the skilled artisan.   *Pearce* v. *Mulford,* 102 U. S. 112; *Hollister* v. *Benedict Manuf'g Co.,* 113 U. S. 59; S. C. 5 Sup. Ct. Rep. 717.

The bill is dismissed.